THE SAMMIE.

THE CITY OF SPRINGFIELD.

HARTFORD & N. Y. TRANSP. CO. *v.* THE SAMMIE *et al.*

LUTHER *et al. v.* THE CITY OF SPRINGFIELD *et al.*

(*Circuit Court, S. D. New York.* October 15, 1888.)

1. COLLISION—KEEPING OUT OF THE WAY—SAFE MARGIN—TIDE CURRENTS.
  A steamer bound to keep out of the way must, at her own peril, shape her course for a safe margin against the contingencies of navigation, and the effects of tide currents. *Held*, in this case, that the conflict in the evidence was probably in part to be explained by the westward set of the flood-tide off Twenty-Third street, which changed to the westward the course of the S., a steamer 300 feet long, as she struck the current, and that the collision was by her fault only.

2. SAME—TUG AND TOW—SUDDEN BACKING—PARTING LINES—ERROR OF JUDGMENT IN EXTREMIS.
  The collision being with a heavy car-float in tow along-side a tug, and the S. contending that the float had broken loose from the tug just before the collision, through the tug's too sudden backing, which the tug denied, *held* that, even if the lines were parted, as alleged, before the collision, the tug's backing was made necessary by the fault of the S. when the danger was imminent, and that the error, if there was any error, was one of judgment, under the excitement of the moment, and not a legal fault.

In Admiralty. On appeal from district court. See 29 Fed. Rep. 923.
  Cross-libels for collision by Thomas B. Luther and others, claimants of the steam-tug Sammie, against the Hartford & New York Transportation Company, claimant of the steamer City of Springfield. A decree was rendered dismissing the libel against the Sammie, and sustaining that against the City of Springfield.
  *Franklin A. Wilcox* and *Geo. B. Adams*, for Hartford & New York Transportation Company.
  *E. D. McCarthy*, for Luther *et al.*

  LACOMBE, J. It is conceded that if each vessel had kept her course after sighting they would have passed safely. The district judge has found, amid much conflicting testimony given by witnesses whom he saw and heard, that the Springfield changed her course so as to get from the Brooklyn side of mid-river into the Sammie's water, and that the Sammie did not change her course, or, at least, did not change it sufficiently to bring her to the eastward of the track which, by the first exchange of signals, she was justified in following. The new testimony

only goes to show: *First.* That one supposed contributing cause of the Springfield's change of position (to-wit, the tide) was not as efficient as the district judge supposed. *Second.* That when a tug with a car-float lashed to its side has to carry a starboard helm, in order to keep her course, the effect of suddenly letting her helm run amidships will be to give her a swing to starboard. This fact in navigation was no doubt well enough known to the district judge without any testimony. *Third.* Persons who, two years before testifying, had seen the hole in the bow of the City of Springfield, gave evidence as to the appearance of the wreckage, and to their opinions as to the relative positions of the steamer and the car-float at the moment of collision. There is nothing in this to call for any modification of the decree of the district court, which is therefore affirmed.